

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,001-02

## EX PARTE JEFFREY DWAYNE BLANKENSHIP, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 4839-C IN THE 271ST DISTRICT COURT
## FROM JACK COUNTY

***Per curiam.*** KELLER, P.J., filed a dissenting opinion in which KEEL, J., joined.

## O P I N I O N

Applicant was convicted of aggravated robbery and sentenced to fifty-five years' imprisonment. While the case was abated, but still on appeal, Applicant was offered a new plea deal and the original judgment was set aside. He pled guilty to robbery and was sentenced to fifty-five years' imprisonment. Pursuant to that new plea deal, Applicant's appeal to the Second Court of Appeals was dismissed. *Blankenship v. State*, No. 02-19-00069-CR (Tex. App.—Fort Worth Mar. 5, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On May 11, 2022, this Court remanded this writ application to the trial court for findings of

fact and conclusions of law addressing Applicant's claim that appellate counsel was ineffective because appellate counsel did not inform him that by accepting the plea bargain his appeal would be dismissed. Appellate counsel filed an affidavit in response to the claim stating that Applicant understood the terms of the new plea offer and knew that the appeal would be dismissed.

However, while it is true that Applicant's grounds do not have merit, the trial court did not have the authority to set aside Applicant's conviction and enter a new plea bargain while the case was on appeal. Rule of Appellate Procedure 25.2(g) provides that: "Once the record has been filed in the appellate court, all further proceedings in the trial court–except as provided otherwise by law or by these rules–will be suspended until the trial court receives the appellate-court mandate." TEX. R. APP. P. 25.2(g). Accordingly, any order purporting to vacate and re-sentence Applicant undertaken by the trial court is void.

The judgment in cause number 4839 in the 271st District Court of Jack County is reformed to reflect that Applicant was convicted of aggravated robbery and sentenced to fifty-five years in the Texas Department of Criminal Justice.

Because Applicant's appeal was dismissed pursuant to a void plea bargain, we reinstate Applicant's appeal no. 02-19-00069-CR, and place Applicant back in the position that he was in on February 21, 2020.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Filed: MARCH 29, 2023
Do not publish